UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| REBECCA CZARNECKI, as Administrator of the ESTATE OF RYAN EDWARD GREER,<br>    Plaintiff,<br><br>    v.<br><br>KULDEEP S. PALAK and<br>11659073 Canada, Inc.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO.: 2:21-CV-59-PPS-JPK<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Rebecca Czarnecki invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing her Complaint in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy (subject to any future challenge). Plaintiff has also sufficiently alleged the citizenship of Defendant 11659073 Canada, Inc. (subject to any future challenge). However, the allegations are insufficient as to the citizenship of Plaintiff and Defendant Kuldeep S. Palak.

The Complaint states that Plaintiff is the "administrator of the Estate of Ryan Edward Greer" and that "Ryan Edward Greer, up until the time of his death, was a resident of Starke County, Indiana." (Compl. ¶¶ 1-2, ECF No. 1). The Complaint further states that Defendant Kuldeep S. Palak "is a resident of Calgary, Alberta, Canada." *Id.* at ¶ 4. These allegations are insufficient for the purpose of determining citizenship.

Pursuant to 28 U.S.C. § 1332, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." 28 U.S.C. § 1332(c)(2); *see also Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) ("[T]he federal diversity statute treats 'the legal representative' of a decedent's estate (or the estate of an infant or an incompetent) as a citizen of the same state as the decedent . . . ."). "The citizenship of a natural person for diversity purposes," in turn, "is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state"). For Plaintiff's citizenship, the Court must therefore be advised of Ryan Edward Greer's state of citizenship at the time of his death, not his state of residence. The Court must further be advised of Defendant Kuldeep S. Palak's state of citizenship at the time the Complaint was filed, not his state of residence.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege her own citizenship and that of Defendant Kuldeep S. Palak, as outlined above. Therefore, the Court **ORDERS** Plaintiff Rebecca Czarnecki to **FILE**, on or before **March 19, 2021**, a supplemental jurisdictional statement that properly alleges the citizenship of Plaintiff and Defendant Kuldeep S. Palak.

So ORDERED this 26th day of February, 2021.

                                        s/ Joshua P. Kolar
                                        MAGISTRATE JUDGE JOSHUA P. KOLAR
                                        UNITED STATES DISTRICT COURT